The opinion of the court was delivered by
Spencer, J.
The only question presented to us is whether it is lawful and constitutional for the police jury of Plaquemines to lay and collect a license of $300 from the defendant who is engaged in running a ■“ trading-boat” therein. It appears that the State license therefor is only $100. It is contended that the parish license can not exceed that sum.
Section 2743 R. S. provides that the police juries shall have power ■“ to impose whatever parish tax they may see fit on all keepers of billiard-tables and grog-shops, and on all hawkers, peddlers, and trading boats.”
We think it well settled that this provision is not in conflict with art. 118 of the constitution, which we have held does not prevent the Legislature from imposing different license taxes on different classes and occupations. City vs. Kauffman, 29 An. 283; State vs. Rolle, 30 An. 991.
*1404 Has said section been repealed or modified by subsequent legislation? The only provision restricting the police jury’s power is foundi in act No. 17 of 1872, sec. 1, par. 91, and reads as follows:
“Nor shall the police jury of any parish levy a tax for any parish, purposes, except to pay indebtedness incurred prior to the passage of this act, during any year, which shall exceed one hundred per centum of the State tax for that year, unless such excess, whether levied by-village, city,' or parochial authorities, shall first be sanctioned by a vote-of the majority of the said voters of said village, city, or parish, at an election held for that purpose.”
It is manifest, we think, that this act refers to the taxation of property, and not to the imposition of licenses on trades, occupations, and professions. But whether this be so or not, this general statute can not be held to repeal by implication the special and exceptional provision of sec. 2743 of the Revised Statutes, relative to keepers of “ billiard-tables, grog-shops, peddlers, hawkers, and trading-boats.” The Legislature of this State has for many years abandoned the government of this class of occupations to the discretion in great measure of the local municipal authorities. It has doubtless done so with a view to the better policeing thereof, and in the interest of the good order of society.
Whether it is wise, expedient, and just to thus subject classes of occupations to local control, is a question for the legislative department, and one with which courts have nothing to do.
We think the judgment appealed from is correct, and it is affirmed with costs.
Rehearing refused.